DEPARTMENT OF HUMAN                )
SERVICES, and                                  )
THE ASSOCIATION FOR               )
GUIDANCE, AID, PLACEMENT     )          Appeal No.
AND EMPATHY                               )          01-A-01-9712-JV-00745
                                                        )
     Petitioners/Appellees          )
                                                        )
vs.                                                     )          Davidson Juvenile
                                                        )          Nos. 9519-18567,
ROBERT RUDD,                               )          28568 & 18569
                                                        )
     Respondent/Appellant           )

**FILED**

September 23, 1998

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE DAVIDSON COUNTY JUVENILE COURT

AT NASHVILLE, TENNESSEE

THE HONORABLE ANDREW SHOOKOFF, JUDGE

M. ALLEN EHMLING
McClellan, Powers, Ehmling &Dix, P.C.
116 Public Square
Gallatin, TN 37066
    ATTORNEY FOR THE PETITIONERS/APPELLEES

J. MICHAEL O'NEIL
P.O. Box 60125
Nashville, TN 37206
    ATTORNEY FOR THE RESPONDENT/APPELLANT

AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

# **O P I N I O N**

This case represents a father's appeal from an order terminating his parental rights with regard to three minor children. On appeal, the father raises the following issue: "Whether a relative can enjoy the same placement preference as a parent where termination of parental rights and non-relative adoption are the only alternative to relative placement." Mr. Rudd attempts to advance the position that as long as a parent or parental relative (in this case a paternal grandmother) can provide a stable safe environment for a dependent and neglected child, termination of parental rights is not a viable option under the statutes. Appellant seeks to rely on the parental relative-preference noted in the Title 37, Chapter 2. Tenn. Code. Ann. § 37-2-403 (1996). No statement of facts was filed with the appeal. *See* Tenn. R. App. P. 24 (1998). Due to appellate counsel's able argument regarding the rights at stake, this court issued an order to consider this case on the briefs and technical record alone.

The three children in question were all born to Jennifer Pinson. At different times and in different combinations, each was surrendered to the court pursuant to unopposed third-party petitions for temporary custody. Indeed, this case represents numerous third-party petitions, custody hearings and parenting plans regarding the three children. The first occurred after Ms. Pinson violated her probation with respect to a sentence for cocaine. This petition was filed in July of 1995. AGAPE became involved in July 1996 when custody of two of the children was assigned to the association. From the record it appears that several individuals petitioned the juvenile court for temporary custody of the three children. The paternal grandmother was successful in obtaining custody of one of the three. Other petitions, one by a friend of the Mother, Jennifer Pinson; one by the maternal aunt; two by a member of AGAPE; and one petition by the AGAPE foster parent, who was awarded initial custody of the oldest and youngest of the three. From the record it appears that the person who exercised the least parental rights in these children's lives is the appellant. Yet he appeals the order below.

At trial, Judge Shookoff specifically found:

> 11. That both parents are homeless and the majority of the time that the children were in foster care the natural mother and/or the natural father resided in the home of the paternal grandmother, EDNA McKEEVER, and the court finds that Ms. McKeever's home was a home where there was repeated illegal activity in the home, including the use of illegal narcotics, which would render the parent consistently unable to care for the child.

> 12. That the Court finds that Ms. EDNA McKEEVER knew about the natural parent's drug use and took no efforts to stop the drug use in her home and therefore, the children were in high risk of being injured or being exposed to criminal conduct.[1]

Although several placement hearings were made due to the third-party petitions for custody of the children involved, by Appellant's own admission, the only parties participating in the termination action before the trial court were the mother, the father, the guardian ad litem, and the petitioner AGAPE. This court accords to the findings in the above-referenced order, the presumption available under Rule 13 of the Tennessee Rules of Appellate Procedure. *See Nash-Putnam v. McCloud*, 921 S.W.2d 170, 174 (Tenn. 1996)(citing the rule in *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn.1995)). Viewing these in that context with no other record upon which to proceed, this court can find no abuse of discretion at the trial level.

The court's finding with regard to Mr. Rudd will be upheld on appeal absent a showing of abuse of discretion. Tenn. R. App. P. 13(d). *See e.g. In Re Adoption of Self*, 836 S.W.2d 581, 582 (Tenn. Ct. App. 1992). The record shows that during the temporary custodial arrangement Appellant exercised only sporadic visitation, did not attempt to seek treatment even though offered by the Appellee, and continued in a narcotic lifestyle which endangered the safety of the children. When parenting conferences were held, Jennifer Pinson attended more often than Appellant. In truth, the appellant, after legitimizing the children, made only token support payments, and made no other attempts to establish his

---

[1] This order represents the culmination of over two years of custody hearings and court actions relating to the three children involved. It is this order, entered November 23, 1997, and bearing Judge Shookoff's signature which represents the appellate court's interpretation of the action appealed from.

own home as a stable permanent environment for the children in question. As for Ms. McKeever, the record shows that she was aware of her son's drug use and allowed such behavior in her home. The record shows that she was, during the pendency of this cause, cohabitating with a Mr. David Johnson, who by his own admission had a recent criminal record and wasn't interested in becoming a father. Several memoranda and orders appear in this record with regard to the respective environments offered by the Appellant and his mother. These memoranda, as a whole, present a picture fraught with instability and danger to which no child should be subjected.

As a result, the juvenile court's order insofar as Appellant's right to determine the placement preference, should be and is hereby affirmed in all respects. It is unnecessary to proceed to the question raised in Appellant's brief, i.e., "If the paternal grandmother's home presents no danger, does Tennessee jurisprudence and statutory law mandate that the children be placed with the grandmother and a termination of parental rights fail?" The court specifically found that the grandmother's home **did** present a danger, and we find no abuse of discretion in that finding. Likewise, the grandmother is not a party to this appeal.

The cause is remanded to the juvenile court for further proceedings not inconsistent with this opinion. Costs in this appeal are taxed against Appellant.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
BEN H. CANTRELL, JUDGE